# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DON ALTON HARPER, | ) | CIVIL ACTION NO. 9:15-1005-GRA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| A. MAHSUKHANI, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This case has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. §2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), contests his sentence calculation.[1]

The Respondent filed a motion to dismiss and/or for summary judgment on May 28, 2015. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 29, 2015, advising the Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner filed multiple responses in opposition to the Respondent's motion, including a request for a jury trial. Both parties also filed responses to the Court's order of September 22, 2015, wherein the undersigned sought clarification of a discrepancy in the release date listed in an exhibit on a document from the Regional Director and the date listed in the Respondent's

---

[1] Respondent concedes that Petitioner has exhausted his administrative remedies. See Memorandum in Support of Motion to Dismiss and/or For Summary Judgment, pp. 4-5; see also Respondent's Exhibit 2.



motion. <u>See</u> Court Docket Nos. 1-1, 15, p. 8.

Respondent's motion is now before the Court for disposition.[2]

### Background

Petitioner is incarcerated at the Federal Correctional Institution in Estill (FCI Estill). Petitioner was sentenced by the United States District Court for the District of Kansas on March 28, 1994, to a 341-month term of imprisonment for Bank Robbery and Use and Carry of a Firearm During a Crime of Violence. <u>See</u> Respondent's Exhibit 1, <u>Mandes Declaration</u>, ¶ 8 & Attachment 4. His projected release date is December 22, 2017, via Good Conduct Time Release. <u>See</u> Respondent's Exhibit 1, <u>Mandes Declaration</u>, ¶ 9 & Attachment 5.

The evidence reflects that on February 2, 1993, Petitioner was arrested by law enforcement officials from the Federal Bureau of Investigation (FBI) in Colorado for Bank Robbery. <u>See</u> Respondent's Exhibit 1, <u>Mandes Declaration</u>, ¶ 4 & Attachment 1. From February 3, 1993, through March 8, 1993, he was incarcerated at the FCI located in El Reno, Oklahoma. <u>Id.</u> at ¶ 5 & Attachment 2. He was later transferred to stand trial in the Western District of Missouri for Armed Robbery in Case No. 92-00196-02-CR-W-9. <u>Id.</u> at ¶ 6 & Attachment 2. However, on November 16, 1993, a jury found him not guilty in that case. <u>Id.</u> The Petitioner was then transferred by the United States Marshals Service on November 18, 1993 to the District of Kansas, pursuant to Case No. 90-20069-01, to stand trial on another charge of Bank Robbery. <u>Id.</u> at ¶ 7 & Attachment 3. On March 28, 1994, he was found guilty on this charge and sentenced in the United States District Court

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



for the District of Kansas to the aforementioned term of imprisonment, which included a 281-month term of imprisonment for Bank Robbery (Count 1) and a consecutive 60-month term of imprisonment for Use and Carry a Firearm During a Crime of Violence (Count 2), resulting in a total term of 341 months. Id. at ¶ 8 & Attachment 4. In issuing this sentence, the sentencing Court explicitly stated that "Count 2 is to be consecutive to Count 1." Id.

Petitioner was sentenced in accordance with the provisions of the Sentencing Reform Act of 1984 (SRA), Public Law 98-473, Chapter II of the Comprehensive Crime Control Act of 1984 (CCCA), which applies to sentences for offenses committed on or after November 1, 1987. Id, at ¶ 10. The computation of a federal sentence is the responsibility of the Attorney General of the United States and has been delegated to the BOP. See United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. The BOP therefore prepared a sentence computation on the Petitioner based on a 341-month term of imprisonment. See Respondent's Exhibit 1, Mandes Declaration, ¶ 9 & Attachment 5.

The computation of a federal sentence requires consideration of two separate issues: the commencement date of the federal sentence, and then to what extent the defendant can receive credit for time spent in custody prior to the commencement of the sentence. Id. at ¶ 11. Under the SRA, the commencement date of a federal sentence is governed by 18 U.S.C. § 3585(a), which states:

> (a) Commencement of sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

See 18 U.S.C. § 3585(a). See also Respondent's Exhibit 1, Mandes Declaration, ¶ 12 & Attachment 6. Under 3585(a), if the prisoner is serving no other federal sentence at the time the sentence is



imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition. Id. In no event may a federal term of imprisonment commence earlier than the date on which it was imposed. Id. As such, Petitioner's sentence commenced on March 28, 1994, the date on which he was sentenced in the United States District Court in the District of Kansas. See Respondent's Exhibit 1, Mandes Declaration, ¶ 9 and ¶ 13 & Attachment 5, p. 2.

With respect to prior custody credit, under the SRA the application of prior custody credit toward a federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> (b) Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Under this criteria, Petitioner received prior custody credit from the day of his arrest on February 2, 1993, through March 27, 1994, the day prior to the imposition of his sentence. See Respondent's Exhibit 1, Mandes Declaration, ¶ 9 and ¶ 15 & Attachment 5, p. 2. His computation has never been placed into inoperative time and has never stopped running. Id.

In addition to the above, Petitioner has had two disciplinary infractions, on December 10, 2007, and February 1, 2011, which each resulted in a disallowance of 27 days GCT. See Respondent's Exhibit 1, Mandes Declaration, ¶ 17& Attachment 7, p. 1. Taking into account these

4



calculations, Petitioner's projected release date is December 22, 2017, via Good Conduct Time

Release. <u>See</u> Respondent's Exhibit 1, Mandes Declaration, ¶ 9 & Attachment 5.

   However, Petitioner contends that his correct release date has already passed, because

the credit awarded for Good Time should be calculated based on his entire sentence, not based on

the time he actually serves.[3]  This argument is without merit.  The United States Supreme Court and

the Fourth Circuit have both addressed the issue of whether GCT must be awarded based upon the

length of a prisoner's sentence or on his time actually served.  <u>Barber et al. v. Thomas</u>, 560 U.S. 474

(2010); <u>Yi v. Federal Bureau of Prisons</u>, 412 F.3d 526, 530 (4th Cir. 2005).  Both courts upheld the

BOP's calculations of inmates' GCT credits based upon the inmate's time served.  <u>Barber</u>, 560 U.S.

at 474-475, 479-480; <u>Yi</u>, 412 F.3d at 534; <u>see</u> also <u>Graham v. Hamidullah</u>, No. 05-243, 2005 WL

3116057 at *2 (D.S.C. Nov. 21, 2005).  Accordingly, Petitioner has not shown that the BOP's

calculations are in error and that he is entitled to an earlier release.  <u>See</u> Respondent's Exhibit 1,

<u>Mandes Declaration</u>, ¶ ¶ 15-20 and Attachments 5-7.[4]

---

 [3]It also appears that Petitioner may be raising an issue regarding a release date of March 2, 2016 which is listed in a document from the Regional Director dated December 14, 2014.  Since the Respondent did not address that issue in its memorandum, the Court issued an order requesting it be addressed, following which the Respondent filed a response stating that this notation was an inadvertent error.  <u>See</u> Court Docket No. 33.  Respondent points to Petitioner's own exhibits, which show that he has been advised that this was a mistake and that subsequent correspondence listed the correction.  <u>See</u> Court Docket No. 15-2, pp. 1, 11, 30-31, Court Docket No. 19-1. While Petitioner disagrees, he has offered no authority to support a potential calculation which would provide for a March 2, 2016 release date.  <u>See</u> Court Docket No. 34.  Therefore, since Petitioner has not shown that the March 2, 2016 date was not an error, and has also not shown any detrimental reliance on this error, Petitioner is not entitled to an  earlier release date due to the error.  <u>Cf</u>. <u>Rahim v. Ozmint</u>, No. 07-4112, 2008 WL 4791635 at **1-4 (D.S.C. Oct. 30, 2008).

 [4]While Petitioner also initially referred in his petition to a "double jeopardy" argument related to his sentencing, it does not appear that Petitioner is still pursuing this claim.  Even if he was, it would not properly be before this Court.  Rather, Petitioner would need to address this claim with the sentencing court.



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.



_____

October 28, 2015                                Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7
