UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Don Alton Harper, ) | | |
| ) | C/A No.: 9:15-cv-1005-GRA-BM | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| A. Mahsukhani, Warden, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

This matter comes before this Court for review of United States Magistrate Judge Bristow Marchant's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on October 28, 2015. ECF No. 37.

Petitioner Don Alton Harper ("Petitioner"), proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241 on March 2, 2015. ECF No. 1. Petitioner was granted leave to proceed *in forma pauperis*. ECF No. 11. Respondent filed a motion to dismiss and/or for summary judgment on May 28. 2015. ECF 15. A Roseboro order was entered by the Court on May 29, 2015, advising the Petitioner of the importance of the dispositive motion and of the need for him to file an adequate response within thirty-four (34) days. ECF No. 16. Petitioner filed multiple responses in opposition to Respondent's motion. See ECF Nos. 18, 19, 20 & 24. On September 22, 2015, Magistrate Judge Marchant entered a text order directing the Respondent to file a supplemental memorandum within fifteen (15) days addressing a discrepancy in the release date listed in an exhibit on a document from the Regional Director, and

allowing Petitioner fifteen (15) days to file any additional memorandum addressing the same issue. ECF No. 30. Both parties filed responses to the Court's September 22, 2015 order. See ECF Nos. 33, 34 & 35.

On October 28, 2015, Magistrate Judge Marchant made a thorough and careful review of the Petition and recommends that this Court grant Respondent's Motion, and dismiss the Petition with prejudice. ECF No. 37. Petitioner filed a timely objection to the Report and Recommendation on November 9, 2015, ECF No. 39, and a supplemental objection on November 16, 2015. ECF No. 41. For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety and dismisses this case with prejudice.

Petitioner brings this petition *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Petitioner brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible

abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Having reviewed Plaintiff's objections, this Court finds that the objections are unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, and merely restate his claims. As such, the objections lack specificity to trigger *de novo* review and will not be addressed.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's Motion is GRANTED, and the Petition is DISMISSED, with prejudice. The Court declines to issue a certificate of appealability in this matter.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 24, 2015
Anderson, South Carolina